TUMLIN *et al. vs.* CRAWFORD *et al.,* executors.

1. Where, in a claim case, the question was whether or not a sale by defendant in *fi. fa.* to his son, principally on credit, was *bona fide* or not, evidence of knowledge on the part of the purchaser derived from conversation with the vendor, that the latter had not fully paid for the land, was admissible.
2. Knowledge of this fact in each holder of the property down to the claimants, was material.
3. There being no error in the charge of the court, and the verdict being in accordance with the evidence, a new trial was properly refused.

Claim. Evidence. New trial. Before Judge CRISP. Randolph Superior Court. May Term, 1878.

Reported in the decision.

JOHN T. CLARKE; A. HOOD & SON, for plaintiffs in error, cited as follows: On the evidence, 48 *Ga.*, 619. On the consideration of sale, 6 *Ga*, 515; 1 Story's Eq., §245. On form of execution, Code, §3568.

H. FIELDER; E. L. DOUGLASS, for defendants.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the *fi. fa.* levied thereon. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the claimants excepted.

It appears from the evidence in the record, that on the 16th day of November, 1867, Geo. W. Crawford obtained a judgment against A. J. Ward, for the sum of $5,250.00 for his principal debt, and the sum of $1,795.26 for interest, the two notes upon which said judgment was obtained being given for the purchase money of the land levied on. The levy on the land claimed was made on the 25th of November, 1868. It also appears that A. J. Ward, the defendant in the judgment, on the 17th of October, 1867, about one month prior to the rendition of said judgment, conveyed the land in dispute to his son Eudona S. Ward, sometimes called "Don Ward," and that he, on the 2d of November, 1869, after the date of the levy of plaintiffs' *fi. fa.*, conveyed it to the claimants, or to those under whom they claim.

When A. J. Ward made the deed to his son, Don, they were both living on the land, and he knew that a part of the purchase money therefor was unpaid from a conversation with his father, paid him $400.00 in cotton, and gave him two notes for $2,150.00 each, for the land. When he sold the land to Alston, Smith and Hood (under whose title the claimants now claim the land), they knew the situation of the title to the property, and knew of the unpaid debt to Crawford for the purchase money. When Don Ward made

the deed to Hood, Smith and Alston, they were all present, with his father, A. J. Ward, and the understanding between all the parties was, that Don was to have the notes back which he had given to his father for the land, and that they were to give his father a bond to indemnify him against this Crawford debt, and were to protect *all* of his other property from this debt.    Smith testified that he bought his interest in the land on speculation, paid no money for it, gave nothing for it but the bond of indemnity to A. J. Ward, and the trade was negotiated with him; sold his interest in the land to Tumlin, one of the claimants, for $500.00, he agreeing to release Smith from his indemnifying bond to A. J. Ward.    There is also evidence in the record that Hood, one of the claimants, had rendered valuable professional services in securing a valuable plantation for Mrs. A. J. Ward and her children, and protecting the same against this debt.

1, 2. The court admitted the evidence of Don Ward over claimants' objections, that his father told him he had bought the land of Crawford, and that he knew that there was a part of the purchase money unpaid, from a conversation with his father (who was the defendant in execution), and that they (the claimants) knew of the situation of the title to the property, and that they were informed and knew of the unpaid debt of Crawford for the purchase money. There was no error in admitting this testimony, in view of the other facts disclosed in the record.

3. The several requests to charge the jury were substantially covered by the court in its general charge, at least so far as the same were legal and proper to have been given. Several requests to charge were properly refused, because they wholly *ignored* the rescision of the original contract for the purchase of the land by Don Ward from his father, which was an important question in the case.    The court charged the jury as follows:

" If Don Ward was a *bona fide* purchaser of the property in dispute, prior to the date of the judgment against A. J. Ward, that judgment would not bind the property.    If the

sale from A. J. Ward to Don Ward was made for the purpose of hindering, delaying or defrauding the creditors of A. J. Ward, and Don Ward then had reasonable ground to believe that intention, then that title would be void as against existing creditors of A. J. Ward, and the purchasers from Don Ward in this case cannot be in a better condition than Don Ward, and may be in a worse condition. If the sale to them was made after the levy, then their condition cannot be better than Don Ward's. If the trade between Don Ward and his father was made *bona fide*, and the father gave the notes of Don to these purchasers in consideration that they would indemnify him against this *fi. fa's.* levying on or subjecting his other property thereto, that would give the purchasers from Don a good title, if Don's title was originally good. The fact that Don gave his notes for the purchase money would not prevent his getting a title. If, however, the sale to Hood, Smith and Alston was made by A. J. Ward, he surrendering to Don his notes and taking an indemnifying bond from said purchasers, you can look to that circumstance, and see if it throws any light upon the original transaction between Don and his father, that is the great question in the case. The fact that a man buys property on credit does not make his title void or fraudulent. A person buying on credit can sell to another without paying the purchase money, and such sale will be good, provided such purchase and sale was *bona fide* under the rules of law which I have given you in charge."

In view of the evidence contained in the record, there was no error in the charge of the court, nor in overruling the claimants' motion for a new trial.

Let the judgment of the court below be affirmed.