GENERAL EXCHANGE INSURANCE CORPORATION *vs.* JOHN P. DRISCOLL.

Middlesex.   November 2, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Assignment. Attorney at Law. Agency,* Agent's liability to third person. *Contract,* Implied. *Damages,* For breach of contract.

An agreement in writing, whereby one, who had sustained personal injuries and whose motor vehicle had been damaged in a collision, purported to "subrogate" a corporation "to all rights and causes of action" he had against anyone for damage to the vehicle and empowered the corporation "to sue, compromise or settle" in his name or otherwise, was in effect a valid partial assignment of his cause of action against the other party to the collision, creating in the corporation an equitable property right in any recovery by the owner traceable to damage to the vehicle as distinct from his personal injuries.

One who had received from the owner of a motor vehicle an assignment of a claim for property damage to the vehicle in a collision and had given notice of the assignment to an attorney representing the owner in prosecuting against a third party claims for the property damage and personal injuries, was not precluded by the attorney's status as such from enforcing against him his rights as assignee as to a sum of money which the attorney in a settlement had received, earmarked as for the property damage, and had paid to his client.

An action at law for money had and received might be maintained to enforce against an attorney of the owner of a motor vehicle the equitable rights of the assignee under a partial assignment by the owner of his claim for damage to the vehicle in a collision in which the owner also sustained personal injuries, where it appeared that the attorney, with notice of the assignment, had received from a third person money earmarked as in settlement of the claim for property damage and had paid it over to his client.

In an action for money, earmarked as representing a sum received in settlement of a claim for damage to a motor vehicle in a collision, brought by the assignee of such claim against the assignor's attorney who, with notice of the assignment, had received sums in settlement of both such claim and a claim of the assignor for personal injuries, recovery might not be of the whole amount so received for damage to the vehicle, but only for so much thereof as was due from the defendant in equity and good conscience: necessary and reasonable expenses properly allocated to such portion of the entire recovery might be deducted.

CONTRACT. Writ in the Superior Court dated September 20, 1939.

The case was heard without a jury by *Leary*, J., who found for the defendant. The plaintiff alleged exceptions.

*H. B. Zonis*, for the plaintiff.

*A. Di Cicco, Jr.*, for the defendant, submitted a brief.

QUA, J.    All three counts of the declaration are, in substance, for money had and received. The object of the action is to recover the sum of $300 which came into the hands of the defendant in the manner hereinafter set forth.

There is little or no genuine dispute about what we regard as the decisive facts. The plaintiff insured Francis D. Campion against damage to his automobile by collision. Campion's automobile was in collision with an automobile owned by one Cohen and driven by one Sigel, and was damaged. The plaintiff paid Campion $450 under the terms of its policy and took from him so called "subrogation agreements" by which, as therein stated, he "subrogates" the plaintiff "to all rights and causes of action" he has "against any person, persons or Corporations whomsoever" for damage to his automobile and empowers the plaintiff "to sue, compromise or settle" in his name or otherwise. But Campion also sustained personal injury by the collision, and through the defendant as his attorney, he brought actions against Cohen and Sigel for personal injury, with a separate count in each case for property damage. The plaintiff, through its attorney, notified the defendant and the United States Fidelity and Guaranty Company, which carried Cohen's liability insurance, that the plaintiff had been subrogated to Campion's claim for property damage, and notified the defendant that any recovery for such damage should be accounted for to the plaintiff's attorney. The plaintiff's attorney also entered his appearance for Campion in Campion's action against Cohen. Thereafter the defendant, as Campion's attorney, settled his actions against Cohen and Sigel with the United States Fidelity and Guaranty Company, Cohen's insurer, for the total sum of $2,500, which was paid in the form of two drafts, one for $2,200 and one for $300, both payable to Campion and the defendant

as "Attorney." On the smaller draft the sum "$300.00" was inserted in a blank space after the printed words "property damage." This draft stated on its face that it was "in full and final payment of a claim for loss or damage in consequence of an accident which occurred on or about Dec. 3rd 1933. . . ." The face of this draft contained no mention of personal injury, although a form of release printed or stamped upon its reverse side referred to "all liability . . . because of personal injuries or damage to property." The draft for $2,200 described the claim in payment of which it was given as simply "Auto Liability." That draft likewise stated that it was "in full payment." Campion gave to the United States Fidelity and Guaranty Company a general release, including claims "on account of all injuries both to person or property." Both drafts were indorsed by Campion and by the defendant as "Attorney" and were deposited to the defendant's bank account for collection and were paid. The defendant has practised law for about thirty years and knows the meaning and effect of subrogation.

Subject to the plaintiff's exception, the defendant testified that out of the $2,500, he retained $55.60 for "costs and disbursements" and $500 for his fee and paid Campion $1,941.40. The defendant further testified that in his discussion or correspondence with the attorney for the United States Fidelity and Guaranty Company with whom he made the settlement there was no mention of the subject of property damage, and that after he received notice of the plaintiff's claim he disregarded property damage entirely in representing Campion, "other than to answer interrogatories."

The judge ruled, as requested by the plaintiff, that the plaintiff became subrogated to the rights of Campion against Cohen "for damage to Campion's automobile alleged to have been caused by Cohen's negligence," but refused to rule that the $300 was in equity and good conscience the money of the plaintiff. In so refusing he made this statement: "I do not find that the defendant received the three hundred dollars ($300.) but that he was merely acting as

attorney for Francis D. Campion and as such did not receive the money in a manner that would entitle the plaintiff to recover in this action." It is not clear what this means. We cannot construe it as a finding of fact that the $300 never came into the defendant's hands. If the judge had intended to make that finding, he would not have added the statement that "merely" as attorney for Campion the defendant "did not receive the money in a manner that would entitle the plaintiff to recover in this action." Moreover, the documentary evidence supplied by the draft and its indorsement and the testimony of the defendant himself were such that a finding that the $300 did not pass through the defendant's own bank account would not be warranted. We think that the judge's statement must be construed as a ruling of law that even if the defendant deposited and collected the draft, he is not liable to the plaintiff in this action for the reason that in what he did he was "merely acting as attorney for Francis D. Campion" and kept for himself no more than fees and expenses. The plaintiff excepted to this ruling. The principal question in the case is whether it was correct. We think that it was not.

No doubt Campion's causes of action against Cohen and against Sigel as the operator of Cohen's automobile were each single entities embracing all the damages sustained by Campion, both that for personal injury and that for injury to Campion's automobile. Campion could not have maintained separate actions for personal injury and for property damage. *Dearden* v. *Hey*, 304 Mass. 659. But although at law a cause of action is regarded as indivisible, in equity the reasons for this rule become of so little force that partial assignments are recognized and made effectual, not only between the parties to them but as to third persons. *James* v. *Newton*, 142 Mass. 366. *Security Bank of New York* v. *Callahan*, 220 Mass. 84. *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society*, 233 Mass. 20, and cases cited. *Kagan* v. *Wattendorf & Co. Inc.* 294 Mass. 588, 597.

A claim for personal injury cannot be assigned, *Rice* v.

*Stone,* 1 Allen, 566; *White Sewing Machine Co.* v. *Morrison,* 232 Mass. 387, 388; *Dearden* v. *Hey,* 304 Mass. 659, 663, but a claim for damage to specific property can be assigned. *Delval* v. *Gagnon,* 213 Mass. 203, 206. *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 566. *Dearden* v. *Hey,* 304 Mass. 659, 663. There appears to be no reason why there may not be a partial assignment, valid in equity, of so much of a chose in action for a tort as is in its nature capable of assignment. The "subrogation agreements" fixed the plaintiff's rights and constituted in substance and effect a partial assignment to the plaintiff of so much of Campion's causes of action as related to the property damage to his automobile. See *Wolverine Ins. Co.* v. *Klomparens,* 273 Mich. 493; *Camden Fire Ins. Association* v. *Bleem,* 132 Misc. (N. Y.) 22. They gave the plaintiff the right to receive the proceeds of such causes of action in so far as such proceeds should arise from and be traceable to the damage to Campion's automobile. They created in the plaintiff an equitable property right in any recovery traceable to property damage as distinct from personal injury — a property right which was more than a personal claim against Campion. Scott on Trusts, § 16. Whether, if there had been no "subrogation agreements," the equitable doctrine of subrogation of an insurer who is an indemnitor would have produced substantially the same result we need not consider. See *Hart* v. *Western Rail Road,* 13 Met. 99; *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46; *Monmouth County Mutual Fire Ins. Co.* v. *Hutchinson,* 6 C. E. Green, 107; *Ocean Accident & Guarantee Corp.* v. *Hooker Electro-chemical Co.* 240 N. Y. 37.

Before the defendant paid over to Campion the net proceeds of the actions that the defendant had brought in Campion's behalf against Cohen and Sigel the defendant had ample notice that the plaintiff had been subrogated to Campion's rights against both, and that so much of the settlement money as was attributable to property damage belonged to the plaintiff. The sum of $300 had been segregated in a separate draft and earmarked as property damage and must be deemed to have been paid by Cohen's insurer

and accepted by the defendant as such.   There was nothing in the defendant's status as attorney for Campion which made it his duty to pay to his client money which he knew, or must be charged with having known, belonged to the plaintiff.   *Crohon & Roden Co. Ltd.* v. *Rudnick,* 232 Mass. 555.   *Coe* v. *Ware,* 271 Mass. 570, 573, and cases cited. *Proctor* v. *Norris,* 285 Mass. 161.   *Kennedy* v. *Shain,* 288 Mass. 458.   See *Wiley* v. *Connelly,* 179 Mass. 360, 365; *Millett* v. *Omaha National Bank,* 30 Fed. (2d) 665;   Am. Law Inst. Restatement: Agency, §§ 339, 341, 343, 349, Restitution, §§ 74, Comment h, 160, 165;   Mechem on Agency (2d ed.), § 1442.   The defendant had complete control over the money.   It was his duty to hold for the plaintiff so much of the proceeds of the cause of action as represented the plaintiff's known interest in it.   By bringing this action to recover the proceeds of the settlement that came into the defendant's hands the plaintiff has ratified the settlement with Cohen's insurer, and no question arises as to the defendant's authority to make the settlement.   *Briggs* v. *Call,* 5 Met. 504.

Although the rights of the plaintiff are equitable in their origin and nature, nevertheless this action can be maintained for money had and received.   *Hall* v. *Marston,* 17 Mass. 575.   *Cutler* v. *Rand,* 8 Cush. 89.   The defendant received the entire sum in the first instance and thereupon became accountable to the plaintiff for part of it as money received.   *Hardy* v. *Peters,* 19 Pick. 370.   He could not relieve himself of that accountability by making an unauthorized payment of the whole sum to Campion.   It is immaterial that in the end he retained for himself nothing except fees and expenses.   In general, an action for money had and received will lie where the defendant has received money or its equivalent which in equity and good conscience belongs to the plaintiff.   *Cole* v. *Bates,* 186 Mass. 584, 586. *Dennett* v. *Perkins,* 214 Mass. 449.   *Sherman* v. *Werby,* 280 Mass. 157, 160.   *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston,* 290 Mass. 189.   No elaborate accounting is required to ascertain the amount due.

It does not necessarily follow from what has been said

that the plaintiff can recover exactly $300. The sum in equity and good conscience due to the plaintiff may well be less than that amount because of necessary and reasonable expenses and perhaps also attorney's fees, all of which it may be proper to allocate in just proportion to the sum recovered for property damage. The present record does not supply the basis of fact required for such an allocation. There will be a further proportionate reduction due to the fact that $50 of Campion's claim for property damage was not covered by the collision insurance, and rights in the net recovery proportioned to this sum were preserved to him by the "subrogation agreements."

We have not thought it necessary to deal separately with the plaintiff's requests for rulings. This opinion and the rescript will furnish sufficient guidance for the final disposition of the case. Questions of evidence have become unimportant.

The plaintiff's exceptions are sustained. If the parties do not agree between themselves, the case is to be further heard in the Superior Court to ascertain the exact amount which the plaintiff is entitled to recover, and judgment is to be entered for the plaintiff for that amount.

*So ordered.*