Bernard Dale OWENS, Appellant,

v.

Herbert Lee PEEPLES, Appellee.

No. 7464.

Court of Civil Appeals of Texas.

Amarillo.

May 17, 1965.

Jerry R. Hollingsworth, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

CHAPMAN, Justice.

All parties admit this is a subrogation case in which Commercial Insurance Company brought suit in the name of plaintiff of record, Bernard Dale Owens.

Bernard Dale Owens filed suit on July 26, 1963, against Herbert Lee Peeples in Cause No. 39005 for personal injuries growing out of an intersection collision between Owens' 1961 Volkswagen automobile and defendant Herbert Lee Peeples' International Truck.

On July 31, 1963, Owens, for valuable consideration, transferred and assigned to Commercial Insurance Company, his insurance carrier on his automobile, all his claims against any other persons, including the right to file suit in the name of Owens, arising out of the collision in question.

On August 9, 1963, Herbert Lee Peeples was advised of the assignment to and subrogation rights of Commercial Insurance Company.

The suit for personal injuries was compromised, settled and dismissed with prejudice on October 4, 1963.

On October 9, 1963, in consideration of $1,400 Owens executed and delivered a full and complete release of any and all claims arising out of the intersection collision "which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting and to result from the accident * * *"

Both parties filed motions for summary judgment, appellee Peeples urging the suit in Cause No. 39005 and the subsequent compromise settlement thereof, dismissal with prejudice, and a full and complete release by appellant of any and all claims arising out of said collision in bar of appellant's suit for damages to the automobile. The trial court denied Owens' motion and granted Peeples' motion. Appeal is perfected from such judgment.

The question to be decided is: May a plaintiff who receives injuries and damages to his person and property in a single collision bring two separate actions for damages against the same defendant, one for injuries to his person and one for injuries to his property without a recovery of one barring a recovery in the other? There is clearly a majority and minority rule among the jurisdictions on this question. 64 A.L.R. 663, 127 A.L.R. 1081 (majority rule); 64 A.L.R. 670, 127 A.L.R. 1083 (minority rule).

The San Antonio Court of Civil Appeals [1] stated that the question was one of first impression in this state and held with the majority rule to the effect that " 'a single wrongful or negligent act or omission causing an injury to both the person and the property of the same individual constitutes but one cause of action with separate items of damage, and * * * hence, the cause of action cannot be split, and a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage, * * *.' "

We followed that authority in Garrett v. Mathews, Tex.Civ.App., 343 S.W.2d 289, because it prevents a multiplicity of suits, stating, "there is no good reason why the parties should be put through the expense and the trouble of two law suits when the grounds of recovery of the two items of damages must be based on exactly the same facts." In the Garrett case we should have added following the word "facts", and do here add to this opinion: "so far as the facts relating to the collision are concerned."

There are no material exceptions in the instant case to change our holding in the Garrett case, which follows the majority rule on the question discussed.

The latest authority we know in Texas on the question is Traders & General Insurance Company v. Richardson, Tex.Civ.App., 387 S.W.2d 478 (N.R.E.). There the Beaumont Court of Civil Appeals in facts almost identical to our own followed our court in Garrett and the San Antonio court in Cormier.

We, therefore, hold that the trial court properly granted the summary judgment for appellee.

---

1. Cormier v. Highway Trucking Company, Tex.Civ.App., 312 S.W.2d 406.