42721.   GRAY et al. v. RAPER et al.

ARGUED APRIL 5, 1967—DECIDED APRIL 18, 1967.

*Mitchell & Mitchell, Coy H. Temples, Warren N. Coppedge, Jr.,* for appellants.

*Pittman & Kinney, John T. Avrett,* for appellees.

Deen, Judge. (a) Under the agreed statement of facts, appellees Gray did not perfect their security interest in the automobile because they did not file a financing statement as required by *Code Ann.* § 109A-9—302 (1) (d) where the subject property is an automobile. They did, however, foreclose the mortgage on September 6, 1966, and place it in the hands of the sheriff for collection, but the plaintiff in fi. fa. had caused her execution to be levied on September 3, based on a May 2nd judgment. Thus, by her prior levy, Mrs. Raper was entitled to the funds unless her judgment was subordinate to the Grays' prior but unperfected security interest in the car. The rule governing priorities here is spelled out in *Code Ann.* § 109A-9—301, where one who acquires a lien on property by levy (a "lien creditor" under Subsection (3) who becomes such "without knowledge of the security interest and before it is perfected" (Subsection 1 (b)) has priority over another with a prior but unperfected security interest. Given the facts above stated, Mrs. Raper was not entitled to priority over the Grays to the net proceeds in the hands of the sheriff arising from the sale of the automobile if she had acted with knowledge of the existence of the unsatisfied mortgage.

(b) On the trial of the money rule the Grays offered Alvin Raper, plaintiff's former husband and owner of the automobile, as a witness prepared to testify that the plaintiff had actual knowledge of the mortgage held by the Grays prior to her judgment and levy. The court refused to allow the testimony because "intervenors had failed to allege such notice or knowledge" in their pleading. They did, however, allege that they were entitled to the fund because of a prior recorded chattel mortgage, and this allegation could be proved in either of two ways: by showing that they had a prior perfected security interest in the col-

lateral (*Code Ann.* § 109A-9—201), or by showing that the plaintiff, at the time of her judgment and levy, had actual knowledge of their interest whether perfected or not (*Code Ann.* § 109A-9—301 (1) (b)). The one is constructive and the other actual notice. Both are relevant to the issue, which was one of priority. Had the plaintiff wished to know which route the intervenors intended to follow she might have demurred specially to the allegation and obtained further information, but no such information was called for. Evidence not otherwise objectionable is relevant and admissible if it tends to make the proposition at issue either more or less probable. *Todd v. German-American Ins. Co. of N. Y.,* 2 Ga. App. 789 (59 SE 94); *Summit Wagon Co. v. Lowery,* 6 Ga. App. 147 (64 SE 489); *Tifton, T. & G. R. Co. v. Butler,* 4 Ga. App. 191 (60 SE 1087). Indubitably, in the absence of demurrer, either party in every cause should be allowed full opportunity to introduce all evidence competent and relevant to support the case alleged by him. *Spivey v. Barwick,* 157 Ga. 853 (2) (122 SE 594); *Nobles v. Webb,* 197 Ga. 242, 246 (29 SE2d 158), and compare *Tumlin v. Crawford,* 61 Ga. 128 (1).

The trial court erred in rejecting testimony relevant to the intervenors' claim of priority to the proceeds of the sale.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*