**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Willie Lee ELKINS, Sr., et al., Appellees.**

**No. 460.**

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1970.

Rehearing Denied March 19, 1970.

Ramey, Brelsford, Flock, Devereux & Hutchins, Richard Grainger, Michael A. Hatchell, Tyler, for appellant.

Earl Sharp, Longview, for appellees.

DUNAGAN, Chief Justice.

This suit originated as an interpleader suit by Travelers Insurance Company and their insured, Ivy Hawthorne, to determine the rightful owner of $1,509.67. Willie Elkins, Sr. and his automobile insurer, State Farm Mutual Automobile Insurance, were impleaded as defendants. The $1,509.-67 was part of a judgment obtained by Elkins against the interpleaders. State Farm asserted by cross-action that it owned the fund on deposit because it was subrogated to Elkins' cause of action against Hawthorne to that extent. Elkins claimed the fund contending that State Farm had lost its right of subrogation by waiver or by virtue of its failing to intervene in the suit against Hawthorne. Elkins' Attorney, Earl Sharp, intervened in the interpleader suit claiming 40% or $603.85 of the fund as contingent attorney's fees. At the close of the evidence, the trial court granted an instructed verdict for Elkins and attorney Sharp. State Farm has appealed from the judgment. The motion for instructed verdict and the granting thereof by the court was oral. There were no findings of fact and conclusions of law filed and none requested.

The question presented by this appeal is whether an insurer can recover payments

made to an insured after the insured recovers his total damages against the tortfeasor.

The facts that give rise to this case are somewhat involved. Elkins and Hawthorne had an auto collision in November, 1965. State Farm paid $1,509.67 for what in effect was partial repairs to Elkins' car. This payment was pursuant to a collision policy purchased by Elkins from State Farm containing the following subrogation clause:

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

In July of 1967 Elkins successfully obtained a judgment in the prior suit against the tort-feasor, Hawthorne. Based upon the jury's findings judgment in the suit was rendered for personal injuries and for $2,700.00 damage to Elkins' automobile. State Farm apparently had actual notice of this suit prior to the judgment, but did not intervene.

■ At the trial of the instant interpleader suit State Farm offered no testimony, all of its proof being by exhibits. It is undisputed and the evidence shows that it did pay the insured, Elkins, $1,509.67 under his policy with State Farm. At the time of this payment of the partial loss State Farm became a pro tanto owner of the cause of action against Elkins. Thoreson v. Thompson, 431 S.W.2d 341, 347 (Tex.Sup.1968); International Insurance Company v. Medical-Professional Building, 405 S.W.2d 867 (Tex.Civ.App., Corpus Christi, 1966, writ ref'd n. r. e.); Morales v. Roddy, 250 S.W.2d 225 (Tex. Civ.App., Eastland, 1952, n. w. h.). Payment of the loss creates this subrogation right; no formal assignment is necessary. Wichita City Lines, Inc. v. Puckett, 156

Tex. 456, 295 S.W.2d 894, 899 (1956); Magnolia Pipe Line Co. v. Security Union Ins. Co., 37 S.W.2d 1062 (Tex.Civ.App., Beaumont, 1931, n. w. h.); International Insurance Company v. Medical-Professional Building, supra. Subrogation is an equitable right which arises from the insurer paying the whole or partial debt of another under indemnity insurance. 46 C.J.S. Insurance § 1209; 53 Tex.Jur.2d, Subrogation, Sec. 4. Elkins received $2,700.00 automobile damage in the Hawthorne judgment. The measure of damages included all damage to the car. If the insured is allowed to keep the $1,509.67, he has received a windfall to this extent.

■ There is uncontradicted testimony that after State Farm paid $1,509.67 for repairs to the automobile, it would still take at least $1,400.00 to repair the car. It appears from the statement of facts that the court rendered judgment on the theory that the $1,509.67 would pay for additional repairs to the car. This theory overlooks the fact that Elkins would still be getting a double recovery by allowing this fund as an offset against additional repairs, which was in effect included in the Hawthorne judgment. We think this theory has no merit for the additional reason that Elkins, by getting judgment against Hawthorne, destroyed the insurer's subrogation rights against the tort-feasor. Having done this, the insured forfeited any claim for indemnity under the policy for damages caused by the tort-feasor. Maryland Motor Car Ins. Co. v. Haggard, 168 S.W. 1011 (Tex.Civ. App., Texarkana, 1914, n. w. h.); 44 Am. Jur.2d 767, "Insurance", Sec. 1839 (1959). Accordingly, Elkins having destroyed State Farm's enforcement of subrogation by his suit against, and general release of, Hawthorne, he had no claim for "additional repairs" under the policy which could be offset against the amount due State Farm in satisfaction of its existing subrogation.

■ Appellee urges that State Farm's claim is barred because it did not intervene in the Hawthorne suit. He cites Cormier v. Highway Trucking Company, 312 S.W.2d

406 (Tex.Civ.App., San Antonio, 1958, n. w. h.); Garrett v. Mathews, 343 S.W.2d 289 (Tex.Civ.App., Amarillo, 1961, n. w. h.); Traders & General Insurance Company v. Richardson, 387 S.W.2d 478 (Tex. Civ.App., Beaumont, 1965, writ ref'd).; Owens v. Peeples, 391 S.W.2d 493 (Tex.Civ. App., Amarillo, 1965, n. w. h.). This line of cases holds that the insurer and his insured have a single cause of action, where personal injury and property damage occur simultaneously, and therefore the tort-feasor can be subjected to only one lawsuit. We think that this principle has no application where insurer is claiming against an insured that has been fully compensated by the tort-feasor.[1] "The cases involving the question of the right of an insurance company which has paid a claim for property damages to an insured automobile to share, under principles of subrogation, in the proceeds of a recovery against or settlement with the tort-feasor in favor of the insured are unanimous in upholding the right of the insurer so to share." 140 A.L.R. 1241, 1246; reaffirmed 166 A.L.R. 870. In Camden Fire Ins. Ass'n v. Missouri, K. & T. Ry. Co. of Tex., 175 S.W. 816 (Tex.Civ.App., Dallas, 1915, n. w. h.), the insurer sought to recover money paid to insured for fire loss. The insured had, subsequently to receiving the insurance payment, recovered for the loss in a suit against the tort-feasor. The court quoted from Newcomb v. Cincinnati Ins. Co., 22 Ohio St. 382:

"Where the assured, as in case of partial insurance, sustains a loss in excess of the reimbursement or compensation of the underwriter, he has an undoubted right to have it satisfied by action against the wrongdoer. But if by such action there comes into his hands any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation. * * *"

The court only pointed this out in passing on the question requiring the insured to pay pro rata cost and expenses of the recovery.

■ The court in Fort Worth & Denver Ry. Co. v. Ferguson, 261 S.W.2d 874, 879 (Tex.Civ.App., Fort Worth, 1953, writ dism.), stated that any amount received by a plaintiff that had subrogated part of a claim "would be held to have received any damages collected by way of his suit as a trustee for whoever was rightfully entitled thereto, by and through him, because of subrogation or assignment." In a case with facts similar to the one before us the court held that the insurer's subrogation right gave him the right to receive the proceeds that arose from and were traceable to damage to insured's automobile. General Exch. Ins. Corp. v. Driscoll, 315 Mass. 360, 52 N.E.2d 970 (1944). The principle that the insurer can recover payments made to the insured, after insured recovers from the tort-feasor is based upon equity and that the insurance is a contract of indemnity. Hayward v. State Farm Mutual Automobile Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236 (1942); Manley v. Montgomery Bus Co., 82 Pa.Super. 530 (1924); Home Ins. Co. v. Slater, 28 Del.Co.R. (Pa.) 546 (1939); Cedarholm v. State Farm Mutual Insurance Companies, 81 Idaho 136, 338 P.2d 93 (1959); National Union Fire Ins. Co. v. Grimes, 278 Minn. 45, 153 N.W. 2d 152 (1967). Therefore we hold the trial court erred in not granting State Farm's motion for instructed verdict because it owned, to the extent of its subrogation, any recovery by Elkins from Hawthorne for damage to the insured car.

■ In the above cited cases, where the insurer has recovered against the insured, the pro rata cost and expenses incurred by insured in obtaining the money are borne by the insurer. Camden Fire Ins. Ass'n v. Missouri K. & T. Ry. Co. of Texas, supra; Hayward v. State Farm

---

1. See General Exch. Ins. Corp. v. Driscoll, 315 Mass. 360, 52 N.E.2d 970 (1944), where the court recognized the "single cause of action rule" as against a tort-feasor, but held the type of equitable claim as here involved was not barred.

Mutual Automobile Ins. Co., supra; Cedarholm v. State Farm Mutual Insurance Companies, supra. There was no pleading or contest against attorney Sharp's intervention. We are of the opinion that under the cases and the evidence the $603.85 contingent attorney's fee awarded to Sharp by the judgment should be affirmed. The proceeds owed to the insurer who did not assist in their collection, must bear the cost and expense of their collection.

Appellee contends that the judgment of the trial court should be affirmed because State Farm waived its subrogation right. They cite no cases, nor do we find any evidence to support this contention.

The portion of the judgment which awarded to intervenor, Earl Sharp, 40% or $603.85 of the $1,509.67 deposited in the registry of the court by Travelers Insurance Company is affirmed. The award of the remainder of the said $1,509.67 to appellee, Elkins, being the sum of $905.82, is reversed and rendered for the appellant, State Farm Mutual Automobile Insurance Company.

Judgment affirmed in part and reversed and rendered in part.