Tierney, J.
This matter is before the court on the plaintiff Blue Cross and Blue Shield of Massachusetts, Inc.’s (plaintiff) motion for summary judgment pursuant to Mass.R.Civ. P. 56(c). The plaintiff brought this action against the Trull family[2] (Trulls), seeking reimbursement pursuant to the subrogation clause in the Trulls’ subscriber certificates for payments made for the medical care of various members of the family following an automobile accident on February 19, 1991. The Trulls have brought a counterclaim alleging breach of contract, violation of G.L.c. 93A and seeking a declaration of the parties’ rights. The plaintiff moves for summary judgment, alleging that it is entitled to reimbursement from funds the Trulls have already received from Mr. Trull’s automobile insurance policy as a result of the accident. In addition, the plaintiff seeks a declaration that the subrogation provisions of the Trulls’ subscriber certificates require the Trulls to further reimburse the plaintiff from any funds received from any or all of three pending actions. For the following reasons, the plaintiffs motion is allowed in part.
BACKGROUND
On February 19, 1991, the Trulls were involved in an automobile accident in Conway, New Hampshire in which all four family members were injured. At the time of the accident, David Trull was driving the family car in which his wife, Elizabeth, and sons, Nathaniel and Benjamin, were passengers. Benjamin Trull ultimately died from his injuries.
During all times relevant to this action, the Trulls were covered by a Blue Cross Blue Shield Master Health Plus and/or Vital Insurance Protection plan. As of September 8, 1994, the plaintiff had paid out the following benefits to the Trulls for injuries suffered in the accident: $9,903.59 for services rendered to David Trull; $223,965.18 for services rendered to Elizabeth Trull; $50,720.83 for services rendered to Nathaniel Trull; and $1,788.17 for services rendered to Benjamin Trull. Additional services may still be required by several members of the family.
Part 5, Section 3 of the Trulls’ Master Health Plus policy, which addresses the issue of subrogation, reads as follows:
If you are injured by an act or omission of another person, the benefits under this contract will be subrogated. This means that Blue Cross and Blue Shield may use your right to recover money from the person who caused your injury. If you recover the money, you must pay Blue Cross and Blue Shield up to the amount of the benefit payments we have made. Our right to repayment comes first even if you are not paid for all of your claims against the other person or if the payment you receive is described as payment for other than health care expenses . . . (Emphasis in original.)
The language in Part 6, Section 8(c) of the Vital Insurance Protection plan is virtually identical.
In 1992, the plaintiff sought to impose a lien pursuant to G. L. c. 111, §70A on any recovery by the Trulls from a third party. At this time, the plaintiff discovered that the claims of Elizabeth, Nathaniel and Benjamin Trull against David Trull had been settled by Hanover Insurance for $200,000.00. Of this amount, $100,000.00 was allocated for Elizabeth, $85,000.00 for Nathaniel and $15,000.00 for Benjamin. The monies received were not designated as covering any particular expenses or damages incurred by the Trulls. The plaintiff sought to recover at least part of these proceeds from the defendants pursuant to the subrogation clauses. The Trulls have refused to make any such payments to the plaintiff.
Currently pending in the New Hampshire state and federal court systems are three actions brought by the Trulls as a result of the accident. The plaintiff has sought to assert liens pursuant to G.L.c. Ill, §70A against any recovery obtained by any of the Trulls in the New Hampshire actions. Both the Trulls and the attorneys in the New Hampshire actions have refused to acknowledge these liens.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ. P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue *600 either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Subrogation
“Subrogation is an equitable adjustment of rights that operates when a creditor or victim of loss is entitled to recover from two sources, one of which bears a primary legal responsibility.” Frost v. Porter Leasing Corp., 386 Mass. 425, 426-27 (1982). “The doctrine of subrogation applies, within limits ... to payments under policies of insurance” and such a right may be either express or implied. Id. at 427. Once an insurer has paid out benefits, the insurer is entitled to share the proceeds of any rights of recovery which the insured may have against a third party for the same loss covered by the insurance. Id.; see also Travelers Insurance Co. v. Graye, 358 Mass. 238, 240-41 (1970); General Exchange Insurance Corp. v. Driscoll, 315 Mass. 360, 364 (1944).
In the present action, the plaintiff claims that, in accordance with the express subrogation clause in the Trulls’ subscriber certificates, it is entitled to recover from the Trulls any and all judgment or settlement proceeds the Trulls receive from third parties as a result of the accident, up to the amount that the plaintiff has paid out to the Trulls as a result of the accident.
This issue is one of first impression in Massachusetts, as the court is called upon to decide that which previous courts have specifically declined to address. See Blue Cross of Massachusetts Inc. v. Travaline, 398 Mass. 582, 590 (1986) (court declines to express any opinion as to validity of any claim insurer may bring directly against insured pursuant to subrogation clause in insurance certificate); Frost v. Porter Leasing Corp., 386 Mass. 425, 527 (1982) (where insurer’s claim is one of implied subrogation, court expresses no opinion on parties’ ability to define their rights by contract). For the following reasons, the court holds that the subrogation clause at issue is binding on the Trulls only where their recovery from third parties fully compensates them for all damages incurred as a result of the accident. In addition, the court declares that, to the extent the subrogation clause asserts that the insurer’s right to repayment comes first even where the insured does not recover for all of its claim and/or even where the payment received by the insured is described as payment for other than health care expenses, it is void as against public policy.
“The origin and nature of the doctrine of subrogation lies in equity, and the principles of that jurisprudence govern its application . . . The doctrine of subrogation ... is not to be applied if the result is injury or prejudice to the person whose rights are sought to be used by another . . . The object of subrogation is to prevent injustice and one who seeks equity must do equity.” Brown v. Leighton, 385 Mass. 757, 760 (1982) (citations omitted). In addition, subrogation is intended to prevent an injured party from recovering twice for the same damages as this would result not only in unjust enrichment of the injured party, but would also cause an “inefficient distribution of the . . . resources available for accident compensation.” Frostv. Porter Leasing Corp., 386 Mass. 425,428 (1982).
Although not decisive, several cases are instructive on the issue currently before the court. In General Exchange Insurance Corp. v. Driscoll, 315 Mass. 360 (1944), the plaintiff issued a policy for auto collision damage and, following an accident, paid over $450.00 to the insured under the policy’s terms. Pursuant to the policy, the plaintiff was then subrogated to the insured’s rights and causes of action for damages to the auto. The insured in Driscoll, however, had also suffered personal injury in the accident and ultimately settled two suits brought against other parties involved in the accident. The claims were settled for a total of $2500.00 which was paid in two drafts, one of which contained the phrase “property damage.” The insured and his attorney, Driscoll, declined to pay any of the proceeds to the plaintiff who then brought suit. Driscoll, supra at 361-62.
The court in Driscoll ruled that the portion of the recovery which had been specifically earmarked for property damage actually belonged to the insurer and, therefore, had to be relinquished. The court stated that the subrogation agreement “created in the plaintiff an equitable property right in any recovery traceable to property damage as distinct from personal injury” and that “an action for money had and received will lie where the defendant has received money or its equivalent which in equity and good conscience belongs to the plaintiff.” Driscoll, supra at 364-65.
Blue Cross of Massachusetts Inc. v. Travaline, 398 Mass. 582 (1986), is also instructive on the issue of subrogation. In Travaline, a health care insurer brought suit pursuant to an express subrogation clause against an attorney, Travaline, for his failure to pay the insurer proceeds of a settlement the attorney reached with a third party on behalf of his client. The client had been injured in an auto accident and received benefits from the insurer for hospital and medical services. The insurance policy contained a subrogation clause, and the insurer sent a number of *601 notices to Travaline notifying him of its subrogation claim. Travaline settled the two claims for the maximum amount available under each defendant’s insurance coverage and disbursed the funds to his client, minus costs and attorney’s fees. Blue Cross of Massachusetts Inc., at 384-86.
In ruling on the insurer’s rights, the Supreme Judicial Court in Travaline took great pains to distinguish the Driscoll case.
In the case at bar, the settlement was neither allocated nor earmarked in whole or in part to any payment made by [the plaintiff]. The amount of the settlement here was determined by the maximum available under the tort defendants’ insurance coverage . It reflected neither the value of [the insured’s] claim nor the specific expenditures caused by her accident.
Travaline, at 588. The court held that in the absence of a specific designation, the proceeds recovered belonged to the injured parly, not the insurer. The insurer’s only claim was one of subrogation arising from a contract to which Travaline was not a parly and, therefore, his actions were not controlled by it. Travaline, at 589.[3] The SJC declined to express any opinion regarding the validity of a claim pursuant to the subrogation clause by the insurer directly against the insured or what allocation should be made among various claims when settlement is for an amount less than necessary to fully reimburse an accident victim, issues which are now presently before the court. Id. at 590.
The latter of these two issues was considered by the court in Frost v. Porter Leasing Corp., 386 Mass. 425 (1982), an action which involved an implied right of subrogation as opposed to the express provision currently at issue. In Frost the Supreme Judicial Court held that the principles which underlie subrogation and support it under policies of property insurance would not be served by extending the implied right of subrogation to personal injury insurance. In arriving at this conclusion, the court noted that the recovery of both tort damages and insurance benefits might not result in a measurably duplicative recovery as the insured is likely to have suffered intangible injuries. Id. at 429. Further, the court in Frost, although ultimately dismissing such an idea, noted that it might be possible to devise a formula whereby subrogation could be confined to duplicative recovery. Id. at 431. The insurance industry has so far declined to attempt any such project.
In light of the purposes underlying subrogation and the cases discussed above, the plaintiff in this action is not entitled to any recovery from the proceeds paid out to the Trulls by Hanover Insurance. There is no evidence of duplicative recovery by the Trulls or that the amounts paid out bear any relation to the damages suffered by the Trulls.[4] The amount received from Hanover Insurance is not even sufficient to cover the medical expenses paid for by the plaintiff. In addition, none of the proceeds from Hanover were designated as payment for health care expenses, or any other particular type of damage for that matter.
Under these circumstances, equity would not be served by allowing the plaintiff to recover any of the Hanover proceeds. To the extent that the subrogation clause claims entitlement to all damages no matter how designated, it is void as against public policy. Likewise, to allow the plaintiff to collect the full amount it paid out regardless of whether the Trulls have been fully compensated would contradict the purposes underlying subrogation and, therefore, no such recovery is allowed and this provision is void. The subrogation clause at issue is only enforceable where the insured has been fully compensated for all damages.
B. Statutory Liens
Pursuant to G.L.c. Ill, §70A, where a hospital, HMO or medical services corporation has paid out benefits to a party injured in an accident, it is entitled to establish a lien against the:
net amount payable to . . . [the] injured person, his heirs or legal representatives out of the total amount of any recovery or sum had or collected or to be collected, whether by judgment or by settlement or compromise, from another person as damages on account of. . . injuries.
See Creswell v. Medical West Community Health Plan, 419 Mass. 327, 333 (1995). To properly establish such a lien, the party asserting it must notify certain designated parties, including the injured party and his or her attorney, prior to any judgment, settlement or compromise. G.L.c. Ill, §70B.
In the present action, a lien was not properly asserted against the proceeds received from Hanover Insurance as the plaintiff did not learn of the action until after a settlement had been reached. However, the plaintiff also seeks to assert liens against the three suits pending in New Hampshire. As the plaintiff is a Massachusetts corporation and the defendants are Massachusetts residents and the parties’ relationship was established under a Massachusetts contract, any lien which the plaintiff seeks to establish is properly done in accordance with G.L.c. Ill, §§70A and 70B. Therefore, provided that the plaintiff has satisfied the requirements of these statutes, it is entitled to a lien against the pending actions.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion for summary judgment of Blue Cross and Blue Shield of Massachusetts, Inc. is DENIED to the extent it seeks recovery pursuant to its subrogation clause of proceeds already received by the Trulls.
It is hereby DECLARED that the subrogation clauses in the Trulls’ subscriber certificates are void to the extent they allow Blue Cross and Blue Shield of *602 Massachusetts, Inc. to recover benefits paid to the Trulls by third parties where the Trulls have not been fully compensated for all damages and to the extent they allow recovery of all proceeds no matter how designated. It is also DECLARED that the plaintiff may seek to assert liens against the New Hampshire actions pursuant to G.L.c. Ill, §70A et seq.

EIizabeth M. Trull, David F. Trull, Individually and as Guardian of Elizabeth M. Trull and Administrator of the Estate of Benjamin Trull, and Nathaniel Trull.

CitingSJC Rule 3:07, Canon9, DR9-102(B)(4), 382 Mass. 95 (1981), the court also held in Travaline that Travaline owed no duty to the insurer, only to his clients.

It is not clear to the court if these were the policy limits.