Welsh, J.
This is an action upon a judgment which Yung obtained in 1993 against Reymonde in the Brookline Division of the District Court. The plaintiff obtained a trustee attachment against Pawtucket Mutual Insurance Company (hereinafter, Pawtucket) of proceeds from a personal injury action brought by Reymonde against Yung in the Superior Court. Pawtucket was Yung’s insurer.
Reymonde defaulted in this action by reason of failure to file a responsive pleading. Newman, as trustee of the Ronald William Brass Trust (hereinafter, Newman) , moved and was granted leave to intervene in the action, claiming an interest in the funds in the hands of the trustee under trustee attachment. Rule 24(a) (2), Mass. R. Civ. P. The intervener’s complaint sought a declaration[3] that Newman’s interests in the fund subject to trustee attachment had priority over Yung’s claim.
On November 20,1998, the judge entered a judgment declaring that the claim of the plaintiff Yung to the fund under trustee attachment had priority over those of the intervener, Newman. Newman appeals from this judgment, contending that the judge erred in his determination that Yung’s claim to the fund took priority over that of Newman.
We determine there was error and remand the case to the trial court for entry of a new judgment agreeable to the opinion.
Acting pursuant to a motion to charge trustee, the court ordered Pawtucket to pay to the plaintiff the sum of $6,750.00.
The court reasoned that Newman’s security interest was not covered by Article 9 of the Uniform Commercial Code, since G.L.c. 106, §9-104(k) excludes from its scope transfers in whole or in part arising out of tort.
We think that the judge’s analysis was unduly restrictive. The Uniform Commercial Code recognizes that there are a number of security interests not within its scope. Newman argues that as security for a loan of $32,000 to the defendant Reymonde, the latter executed a financing statement (UCC-1) covering the proceeds of the personal injury claim against Yung. The financing statement was recorded with the Office of the Secretary of the Commonwealth and with the Town of Brookline on October 16, 1995. The personal injury action Reymonde filed against Yung in Norfolk Superior Court was settled in November of 1997 for $50,000.00. Before Pawtucket issued the settlement check, Yung brought the *195 instant action against Reymonde, naming Pawtucket as trustee. Pawtucket set aside $6,750.00 to satisfy any liability it might have as trustee and disbursed the balance to Reymonde.
In Kippenhan v. Chaulk Services, Inc., 428 Mass. 124 (1998), the Supreme Judicial Court opined that the principle of law enunciated in General Exchange Ins. Corp. v. Driscoll, 315 Mass. 360, 366 (1944) holding that personal injury claims are not assignable may be ripe for reexamination and possible modification. Id. at 130; see New Hampshire Insurance Co., Inc. v. McCann, 429 Mass. 202 (1997) (absent collusion or other improper influence, a legal malpractice claim ought to be assignable, Id. at 209). In much the same spirit, the common law rule against champerty was abolished, so that claims financed by others who are not parties to the litigation are legally recognized, even though reimbursement is to come from the proceeds of the litigation. Saladini v. Righellis, 426 Mass. 231, 234-235 (1997). It is well settled that most property damage claims and contract actions are assignable. Rubenstein v. Royal Insurance Company of America, 45 Mass. App. Ct. 244, 246 (1998). When a claim is assigned, the assignee stands in the shoes of the assignor and is in the same position as the assignor without the assignment. Id. at 246; see Graves Equipment, Inc. v. M. Dematteo Construction Co., 397 Mass. 110, 112 (1969). Whatever viability the rule against assignment of personal injury claims may still have, we point out that it is the proceeds that was the subject of the assignment, and not the claim or chose in action itself.
The general rule as to priority among liens is the first in time is first in right. See Middlesex Savings Bank v. Johnson, 777 F. Supp. 1024 (D. Mass. 1991). A prior assignee takes precedence over a later assignee, even though the obligor has not been given notice of the prior assignment, but the prior assignee risks payment by the obligor to a subsequent assignee before the obligor has notice of the assignment. Aetna Casualty & Surety Co. v. Harvard Trust Co., 344 Mass. 160, 168 (1962).
In Grise v. White, 355 Mass. 698 (1969), the defendant made an assignment for value of an equitable claim against Universal to secure a note given by the defendant and others to one Slater. Slater then made an assignment for value of the same claim to one Martin to whom the defendant was then indebted, along with his rights in the note. No financing statement agreeable to Article 9 was ever filed concerning either assignment. The plaintiffs made an attachment by special precept of the defendant’s claim after the assignment to Slater and before the assignment by Slater to Martin. The plaintiff then had actual notice of the defendant’s assignment to Slater. The defendant thereafter made an assignment to one Dennis of the same claim by him against Universal to secure payment of a note, warranting that the assignor had made no previous assignment of the claim to any person. On the following day, Martin signed an instrument subordinating his rights under the assignment from Slater to Dennis.
The plaintiff sought to charge Universal as trustee.
The court determined that the assignment to Slater by the defendant of his claim against Universal as trustee had priority over the claim by the plaintiff, and that the subsequent assignment by Slater to Martin put Martin in Slater’s “shoes,” or in other words, the assignment took precedence over the trustee attachment. Id. at 701-702. In regard to Article 9, the court commented, as follows:
The Uniform Commercial Code, if applicable at all (see G.L.c. 106, §9-104 [h], [k], but see §9-106), a matter which we need not decide, does not change this result, even though no financing statement (see §§9-302, 9-303[1]) was filed. Because of Grise’s knowledge of the assignment by White to Slater, that assignment, even if not perfected did not become subordinate to Grise’s attachment. By §9-301(1), ‘an unperfected security interest is subordinate to the rights of... (b) a person who becomes a *196 lien creditor without knowledge of the security interest and before it is perfected.’ (emphasis supplied). See Re Komfo Prod. Corp., 247 F. Supp. 229, 233-236 (E.D. Pa.); Gray v. Raper, 115 Ga. App. 600, 601-602. Cf. Bloom v. Hilty, 427 Pa. 463, 468-471. Grise in his brief does not appear to make any contrary contention.
Id. at 701.
We conclude that Newman was entitled to a declaration that his interest by virtue of the assignment took precedence over that of Yung acquired by the trustee attachment of proceeds in the hands of Pawtucket. It is clear on the record before us that Pawtucket as the obligor had notice of Newman’s interest before it had discharged the obligation.
A new judgment is to enter in the Brookline District Court in accordance with this opinion.
So ordered.

 Jurisdiction to grant equitable relief arises from St. 1996, c. 358, §3, entitled “An Act Establishing a One Trial System for Civil Cases in Norfolk and Middlesex Counties.”