283 P.2d 185

Owen JENSEN, Plaintiff-Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Respondent.

No. 8205.

Supreme Court of Idaho.

April 26, 1955.

352

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent.

A. A. Merrill, Idaho Falls, for appellant.

KEETON, Justice.

Appellant seeks to recover the value of wheat which he allegedly deposited for storage in the bonded warehouse of Hale Hubbard, doing business as Hale Hubbard Elevator, Bonded, allegedly converted and sold by the warehouseman.

Appellant alleged that respondent bonded the warehouseman pursuant to Section 69-208, I.C., and other applicable provisions of the Bonded Warehouse Law; that appellant had in a former action obtained default judgment, yet unpaid, against the warehouseman for the value of the wheat, and had demanded of respondent that it make payment thereof. Appellant prayed judgment against respondent for the value of the wheat, damages and other relief. Appellant attached to his amended complaint a copy of the default judgment entered against Hale Hubbard in the former action above referred to.

Respondent demurred to the amended complaint on grounds that it failed to state facts sufficient to constitute a cause of action, and for numerous reasons, the amended complaint was ambiguous and unintelligible. The record fails to show any ruling on the demurrer. However, the matter was argued to this Court on the assumption that the demurrer had been overruled. After the demurrer had been overruled, if it was, respondent filed an answer in which it admitted the execution of the bond sued on as alleged, denied a conversion of the wheat by Hubbard, and alleged that appellant sold the wheat to Hubbard, and the bond sued on did not guarantee the payment; that the former judgment obtained by appellant against Hubbard covered the same subject matter and the same transaction.

Respondent affirmatively alleged that the matters complained of had been litigated in the former action against Hubbard, and that said former action was grounded upon a sale of the wheat to Hubbard; whereas in the present action the claimed liability was bottomed on the theory that the wheat had been converted; that the matters presently complained of are res judicata, and plaintiff is now estopped to claim that the transaction giving rise to this controversy was anything except a sale; that the actions of appellant have prejudiced the rights of respondent for the various reasons alleged. Respondent attached to the answer as an exhibit a copy of the complaint in the former action against Hubbard in which appellant alleged that the wheat in question was sold to Hubbard.

The complaint in the former action and the complaint and amended complaint in this action were all verified by the attorney representing appellant.

Subsequent to the joining of issues respondent made a motion for a judgment on

the pleadings based primarily on the ground that the first action covering the subject matter and the action now being presented were inconsistent and that appellant is estopped from now claiming the wheat was converted when in the former action he alleged the wheat was sold; also that the matters complained of had been finally adjudicated in the former action.

The court sustained the motion and entered judgment dismissing the action, from which judgment appellant appealed.

■ We therefore have the following situation: An amended complaint which states a cause of action, a traverse of some of the material allegations, and an affirmative defense to which no reply is required, the plaintiff being by law allowed to take advantage of any affirmative matter which might tend to avoid the affirmative defense set forth in defendant's answer as fully as if he were permitted to specifically plead facts defensive thereto. Edminster v. Van Eaton, 57 Idaho 115, 63 P.2d 154, 108 A.L.R. 393; Pettengill v. Blackman, 30 Idaho 241, 164 P. 358.

■ When one moves for judgment on the pleadings he not only, for the purpose of the motion, admits the truth of all the allegations of his adversary, but also admits the untruth of his own allegations which are denied. In the instant situation the allegations contained in the affirmative defense are presumed to be denied. Davenport v. Burke, 27 Idaho 464, 149 P. 511;

Idaho Placer Mining Co., Ltd., v. Green, 14 Idaho 294, 94 P. 161; Mills Novelty Company v. Dunbar, 11 Idaho 671, 83 P. 932; Walling v. Bown, 9 Idaho 184, 72 P. 960.

■ Before a judgment should be entered on the pleadings there should be a lack of material issues. Such is not the situation in the matter before us.

■ A determination of whether appellant is estopped to assert the present cause of action because respondent has been misled to its prejudice by any acts of appellant, or for other reasons, whether appellant could sustain the material allegations of his amended complaint by proof, whether respondent could sustain the material allegations of its affirmative defense, or whether appellant could successfully defend against such affirmative matter, and any other material issues raised, was required before a valid judgment could be entered.

Whether or not appellant's former action, and judgment thereon, is inconsistent with his present position amounting to an estoppel, or whether the former matter could only be offered for purposes of impeachment in the present suit, were questions for determination after the evidence had been submitted. On all of such matters, appellant has not been given an opportunity to be heard.

■ A motion by respondent to augment the record on appeal to include exhibits not in evidence when the matter was deter-

mined below was here made. Such exhibits are not a part of the record on appeal. Hence the motion is denied.

The judgment is reversed with instructions to the trial court to set aside the judgment and reinstate the cause. Costs to appellant.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.