338 P.2d 93

Ralph CEDARHOLM and Leah Cedarholm, husband and wife, Plaintiffs, Cross-defendants, and Appellants,

v.

STATE FARM MUTUAL INSURANCE COMPANIES, Defendant, Cross-complainant, and Respondent,

and

The Farmers Mutual Insurance Company, Defendant.

No. 8685.

Supreme Court of Idaho.

April 14, 1959.

Rayborn & Rayborn and Lloyd J. Webb, Twin Falls, for appellants.

S. T. Lowe and Kales E. Lowe, Burley, for respondent.

Elam & Burke, Boise, for Farmers Mut. Ins. Co.

McQUADE, Justice.

This is an action for declaratory judgment to determine rights of the plaintiffs-appellants, Ralph Cedarholm and Leah Cedarholm, husband and wife, and the defendant-respondent, State Farm Mutual Insurance Companies, in a draft drawn by the co-defendant, The Farmers Mutual Insurance Company.

Ralph and Leah Cedarholm will be hereinafter referred to as the appellants; State Farm Mutual Insurance Companies as the respondent; and The Farmers Mutual Insurance Company—which did not appear on appeal—as the defendant.

The appellants were injured and their car was damaged in a traffic accident occurring January 19, 1956, in Twin Falls, Idaho. Involved in the collision were the Cedarholm automobile and an automobile driven by one Jack Calton. Respondent company insured appellants' car, and defendant company insured Calton's automobile.

The respondent paid appellants $1,199.50 for damage to their car in the collision. This amount represented the value of the vehicle less $50 which was deductible under terms of the insurance policy.

Appellants thereafter brought action against Calton, seeking damages for personal injuries and for property damage to the car. The action was never brought to trial, but the parties entered into negotiations leading toward a settlement. While settlement was pending, appellants' attorneys contacted Lou Heller, an insurance agent for respondent, and inquired whether the company intended to claim subrogation in the action against Calton. The agent replied insofar as he knew his company did not plan to do so.

The parties to this first action agreed upon a settlement of $8,500. This figure was not broken down into specific amounts for personal injuries and for property damage.

Pursuant to the settlement, defendant delivered two checks: one for $7,250.50, payable to appellants and their counsel, and one for $1,249.50, payable to appellants, their counsel, and respondent. The second draft is the subject of this action.

The appellants now seek a declaratory judgment that they are entitled to the sum of $1,249.50 from respondent. In the event the trial court should hold they are not entitled to this amount, the appellants ask as an alternative a judgment of $416.50, rep-

resenting appellants' expense incurred in recovering the $1,249.50 from Calton's insurance carrier.

Respondent in its answer and cross-complaint admitted the occurrence of the accident, payment by the respondent to the appellants for damage to their automobile, and payment of the $1,249.50 by defendant. Respondent alleged it had offered to pay the appellants $50—the amount deducted under appellants' policy—if the appellants would endorse and deliver the draft to the respondent.

The respondent further alleged it had, during the negotiations, notified defendant company of its claim for subrogation in the amount of $1,249.50; respondent did not notify appellants of its intention to secure reimbursement.

In support of its claim, respondent set forth two provisions of its insurance contract with the appellants:

"6. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

"7. Subrogation. Upon payment under this policy, except under coverage C, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them."

By its cross-complaint, respondent asked that the appellants be required to pay over the draft, less the sum of $50.

Appellants filed an answer to the cross-complaint. Respondent then moved for judgment on the pleadings. This motion was granted by the trial court, and judgment was entered dismissing the complaint and ordering the appellants to endorse and deliver the draft to the clerk of the court, to be delivered to respondent upon the latter's payment of the sum of $50. This appeal is from that judgment.

Appellants set out the following assignments of error:

1. Judgment on the pleadings should not have been granted because there were material issues of fact to be determined.

2. In two assignments, that the respondent waived its right to relief by failing to give timely notice of its intenton to exercise the right of subrogation, and by its

agent's statement indicating it did not intend to assert the right.

3. Recovery by the appellants from both the respondent and the defendant did not exceed their total loss.

4. If appellants were not entitled to the total amount recovered by settlement, they should be credited for their expenses in obtaining settlement.

■■■ The motion for judgment on the pleadings is not favored by the courts; pleadings alleged to state no cause of action or defense will be liberally construed in favor of the pleader. 41 Am.Jur., Pleading, sec. 336, p. 521. Before judgment on the pleadings should be entered, there should be a lack of material issues. Davenport v. Burke, 27 Idaho 464, 149 P. 511; Bowman v. Bohney, 36 Idaho 162, 210 P. 135; Coe v. Bennett, 39 Idaho 176, 226 P. 736; Jensen v. United States Fidelity & Guaranty Company, 76 Idaho 351, 283 P.2d 185.

Turning to the question of waiver of the right of subrogation, the statement of the respondent's agent upon which appellants rely as an express waiver is set forth in the amended complaint as follows:

"* * * the said agent * * * informed E. M. Rayborn, one of the plaintiffs' attorneys, that *so far as he knew* the said defendant [respondent] did not plan to make any claim to any part of the settlement * * *." (Emphasis added.)

■■ Assuming—without deciding—the agent had authority to speak for the respondent in this regard, his statement as set out in the amended complaint simply expressed his lack of knowledge of the company's intention, and did not constitute an express waiver. Nor did the respondent impliedly waive the right of subrogation by its acts or inaction. The respondent notified the defendant of its claim during the course of negotiations for settlement; there was no unreasonable delay on respondent's part such as would constitute a waiver. 16 A.L.R.2d annotation, Waiver by insurance company of right to subrogation, p. 1269, at pp. 1275–1276.

The settlement between appellants and the tort-feasor was for a lump sum. The amended complaint states:

"* * * That at the time said agreement was made, and prior to the time the drafts were sent to the plaintiffs, no mention was made of whether the sum of $8500.00 was to constitute payment for merely the personal injuries suffered by the plaintiffs or was to cover such injuries and also the property damage to the plaintiffs' automobile."

■ Appellants, though subrogors of respondent, brought the action against the tort-feasor. It was incumbent upon appellants, either in the settlement or by request for a special finding on this point,

upon payment of their property damage, to separate from the total sum they recovered the sum payable to respondent, subrogee, by reason of its right of subrogation. Appellants cannot be permitted to jeopardize respondent's right of subrogation by combining the claims and making a lump sum settlement, and then urging such a settlement in defeat of respondent's right as subrogee. See North River Insurance Co. v. McKenzie, 261 Ala. 353, 74 So.2d 599, 51 A.L.R.2d 687; Iowa National Mutual Insurance Co. v. Huntley, Wyo., 328 P.2d 569.

This Court is cognizant of the view expressed in the case of Powers v. Calvert Fire Ins. Co., 216 S.C. 309, 57 S.E.2d 638, 16 A.L.R.2d 1261—a case cited by both parties—to the effect the division of the settlement proceeds into compensation for personal injury and for property damage is a question of fact for a jury. However, the Court finds the views as expressed by the Alabama and Wyoming courts are the better reasoned and are consistent with the principle of subrogation. See also 140 A. L.R. annotation, Rights and remedies incident to subrogation to one but not both elements of a single cause of action for injury to person and damage to property, at p. 1246 ff., for a discussion of full recovery by an insurer.

■ Recovery by the respondent under its right of subrogation, however, is subject to reduction by the amount appellants expended for collection.

"The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself. * * *" 29 Am.Jur., Insurance, sec. 1346, p. 1008.

See also Iowa National Mutual Insurance Co. v. Huntley, supra. There was an express subrogation contract between the parties. Under this express agreement, the respondent required appellant to proceed by its inaction and was obligated to pay the necessary expenses which appellant incurred to protect respondent under paragraph 7 of the agreement, and this would therefore harmonize the conclusion reached herein with Felton v. Finley, 69 Idaho 381, 209 P.2d 899.

The judgment is reversed and the cause remanded, to be tried in accordance with the views expressed herein.

Costs to appellants.

PORTER, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.