783 P.2d 317

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darrel FISHER, Defendant–Appellant.**

**No. 17100.**

Court of Appeals of Idaho.

Dec. 1, 1989.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Darrel Fisher was found guilty by a jury in the district court for Ada County of committing two acts of lewd conduct with a minor under sixteen. I.C. § 18–1508. The issue presented in this appeal is whether expert opinion testimony was properly ad-

mitted at trial as rebuttable evidence of Fisher's character. Concluding that it was not, we vacate Fisher's judgment of conviction and remand this case to the district court for a new trial.

The essential facts of this case are brief. Fisher was charged with two counts of lewd conduct with his eight-year old stepdaughter. Prior to his trial, Fisher filed a motion in limine to prohibit the prosecutor from introducing adverse character evidence. The motion was not granted. During Fisher's trial, both the prosecutor and Fisher called numerous witnesses. One of Fisher's witnesses, Lenell Fisher (the alleged victim's mother and the wife of the defendant), commented that Fisher's philosophy on life was that of being "a very honest person." During the state's case in rebuttal Chris Nelson, a sexual offender therapist, testified on behalf of the state concerning the general characteristics of sexual abusers. Fisher objected to Nelson's testimony. The prosecutor countered by submitting that Nelson's testimony was offered to rebut Lenell Fisher's comment regarding Fisher's philosophy on life. The trial judge overruled Fisher's objection. Fisher was convicted and received concurrent, indeterminate sentences totaling ten years. This appeal followed.

On appeal, Fisher contends that the trial judge improperly permitted Nelson to testify regarding the general characteristics of sexual abuse offenders, thus implying that Fisher exhibited those characteristics. Fisher submits that Nelson's testimony was inadmissible character evidence and that it was not admissible as rebuttal evidence because Fisher's character had not been placed in issue at trial.

Generally, admission of expert opinion testimony is within the sound discretion of the trial court; absent an abuse of discretion, the judge's decision will not be disturbed on appeal. *See State v. Watson,* 99 Idaho 694, 587 P.2d 835 (1978). However, both the Idaho Supreme Court and this Court have recognized the controversy surrounding the admission of expert testimony regarding the characteristics of participants in child abuse incidents. *State v.*

*Snapp,* 110 Idaho 269, 715 P.2d 939 (1986) (expert testimony regarding "child sexual abuse syndrome"); *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (Ct.App.1986) (review denied) (expert testimony regarding victim's reluctance to immediately report incidents of sexual abuse). In *State v. Hester,* 114 Idaho 688, 760 P.2d 27 (1988), the Idaho Supreme Court addressed—as a matter of law—whether an expert could testify in the state's case in chief that the defendant exhibited character traits consistent with the characteristics of known child abusers. The Court noted that, *if relevant,* it is generally permissible for experts to testify regarding traits typically exhibited by sex abusers, as well as to testify that the individual defendant exhibited such characteristics. *Id.* at 694, 760 P.2d at 33; *see* I.R.E. 401, 402. However, the Court clarified this general rule, stating:

> I.R.E. 404 prohibits the admission of evidence of a person's character (even if in the form of an expert opinion) if offered during the prosecution's case in chief to prove the accused's conduct on a specified occasion. [Footnote omitted.] The only reason for offering evidence that Hester exhibited character traits similar to those of known child abusers was to prove that he acted in conformance with those traits in this particular instance. It was not offered to rebut evidence "of a pertinent trait of his character offered by [the] accused," and thus does not meet the I.R.E. 404(a)(1) exception. Using evidence of a person's characteristics in the prosecution's case in chief simply to support the ultimate conclusion that he acted in conformance with those characteristics in committing a crime, is not permissible. Under that scenario, the evidence of a person's characteristics is no longer relevant, and none of the character evidence is admissible. In the absence of some other reason for the admission of this type of character evidence, besides that prohibited by I.R.E. 404(a)(1), evidence regarding the traits typically exhibited by child abusers is not admissible; neither is evidence that a

particular defendant possesses those same characteristics admissible.

*Id.* The Court held that, under the circumstances, admission of such testimony constituted reversible error.

We conclude that *Hester* is controlling in the present situation. The state contends that Nelson's testimony was offered to rebut Lenell Fisher's comment that Fisher was an honest person. However, a further reading of the trial transcript reveals that her statement was offered in response to a question regarding Fisher's unique religious philosophy and its significance to testimony introduced by other witnesses. In fact, Fisher's attorney qualified his questioning of Lenell Fisher, stating that he did not wish to delve into Fisher's personal philosophy. No further testimony regarding Fisher's character was elicited at trial. As in *Hester*, it appears that the real reason Nelson's testimony was offered in "rebuttal" was to prove that Fisher had acted in conformance with certain general traits of child abusers. Although Nelson did not state so explicitly, our review of the entire record reveals that Nelson's testimony was primarily aimed at showing that Fisher exhibited the characteristics of a familial sexual abuse offender. Consistent with the Supreme Court's holding in *Hester*, we conclude that using evidence of a person's character in the prosecution's case in rebuttal—when no character evidence has been proffered by the defendant—simply to support the ultimate conclusion that the defendant acted in conformance with those characteristics in committing a crime is inadmissible. I.R.E. 404(a)(1). We therefore hold that admission of Nelson's testimony under these circumstances constituted error. Moreover, because the trial was largely a test of credibility, we cannot treat the error as harmless.

In reaching our conclusion, we fail to find a distinction—urged upon us by the state—between this case and *Hester* because Nelson's testimony was offered in the state's rebuttal rather than in its case in chief. Regardless of when such testimony occurs, *Hester* clearly indicates that testimony regarding the similarity between an individual's traits and the general charac-

teristics of sexual abuse offenders must be relevant in order to be admissible. Without the requisite introduction of character evidence by the defendant or by other defense witnesses, no such relevancy exists. We therefore conclude that it is immaterial when the prosecution offered the expert's testimony regarding characteristics of sexual abuse offenders because the evidence did not genuinely rebut any testimony introduced by Fisher.

Likewise we also reject the state's contention that Fisher did not preserve this issue on appeal by raising a timely objection to Nelson's testimony. The state contends that, although Fisher objected to Nelson's testimony, he did so only on the grounds that the testimony should have been introduced in the state's case in chief. The state submits that by failing to object on the more particular ground that Nelson's testimony was improper rebuttal Fisher failed to preserve the issue for appeal. I.R.E. 103(a)(1). However, given the context of Nelson's testimony, we think the objection adequately framed the issue whether the testimony went beyond mere rebuttal of Lenell Fisher's prior comment. Moreover, the same general issue had been raised by Fisher's pretrial motion in limine directed at adverse character evidence. We conclude that the issue was preserved for this appeal.

The judgment of conviction is therefore vacated and this case is remanded to the district court for a new trial consistent with this opinion.

BURNETT and SWANSTROM, JJ., concur.