849 P.2d 942

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darrel FISHER, Defendant–Appellant.**

**No. 19082.**

Supreme Court of Idaho,
Boise, December 1992 Term.

March 25, 1993.

Ada County Public Defender's Office, Boise, for defendant-appellant. Deborah A. Whipple (argued).

Larry EchoHawk, Idaho Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

TROUT, Justice.

Darrel Fisher appeals from his conviction on two counts of lewd conduct with a minor under the age of sixteen. Fisher contends the trial court committed reversible error in ruling that it would allow into evidence a letter written by his former wife, who was unavailable for trial, to impeach her testimony from a previous trial. We disagree and affirm.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On May 7, 1986, Fisher was charged with two counts of lewd conduct with a minor under the age of sixteen. The alleged victim was the daughter of Lenell Hoffman Fisher (Lenell) to whom Fisher was married at the time. Fisher's trial began in 1987 and Lenell was called to testify on his behalf.

A jury convicted Fisher of two counts of lewd conduct with a minor under the age of sixteen. The Court of Appeals reversed and remanded the case for a new trial on the ground that the State had improperly offered expert testimony concerning the characteristics of sexual abuse offenders. See State v. Fisher, 116 Idaho 978, 783 P.2d 317 (Ct.App.1989).

Fisher's new trial began in September of 1990. During the trial, it became apparent that Lenell had disappeared and would not be available to testify. Fisher's attorney advised the State he intended to offer into evidence the transcript testimony of Lenell from the first trial. The State thereafter began laying a foundation for the admissibility of documents it had received from Lenell after the first trial. The State marked for identification two packages of materials which Lenell sent to a detective. These documents were not offered nor admitted into evidence.

Counsel for Fisher moved for a mistrial on the ground that the marked packages were hearsay and violated Fisher's Sixth Amendment right to confront witnesses as guaranteed by the United States Constitution. The State indicated that its purpose in marking these packages was to lay a foundation for their later admission in the event Fisher decided to offer the transcript testimony of Lenell. The State informed the trial court that the documents represented "inconsistent statements and the basis for their admission at a later time would be impeachment." Without reviewing these documents, the trial court denied Fisher's motion for a mistrial on the

ground that the packages were merely marked for identification and had not been presented to the jury. The trial court granted Fisher's attorney a recess to review the contents of the packages.

Following the recess, Fisher's attorney identified on the record the documents which comprised one of the packages.[1] The attorney for the State thereafter disclosed his intent in marking the first package:

> Mr. Reardon: 7–A contains two letters that were written by [Darrel Fisher] to Lenell Fisher. They are statements of [Darrel Fisher]. They came in a package with a number of other things. They are not admitted into evidence.
>
> All the other things besides the two letters are not—were never going to be offered into evidence. The only reason they were admitted in a package was because they were received in a package, and I believed that testimony regarding the condition they were received in was necessary to lay a foundation for the two letters that were in that package.
>
> They can be separated out if they are ever to be published to the jury. And I'll say right now that I don't ever intend to offer anything but those two letters, if I offer those.

At no point did the State or Fisher specifically identify for the record the contents of the second package. Later that day, however, in addressing the trial court, Fisher's

attorney identified what is apparently the gravamen for this appeal:

> [O]ver the lunch hour I attempted to analyze counsel's argument concerning the use of the letter, from, that's alleged from Lenell Fisher to the prosecutor. And in that he cites Rule 806 as being the rule that allows him to submit or have these kinds of documents admitted.

Fisher's attorney argued on behalf of his client's right to cross-examine adverse witnesses and "that statement or that written document that the prosecutor has had marked is inadmissible under any theory of the Rules of Evidence and it's inadmissible and is in violation of Mr. Fisher's constitutional right." In response, the State addressed the applicability of I.R.E. 806, and stated that "if the court is inclined to rule at this moment, I'd ask that it not exclude those letters."

The trial court, without any indication of having reviewed the contents of the marked packages, advised the parties that according to I.R.E. 806 if Fisher chose to admit the former trial testimony of Lenell, the State "can use it."[2] The trial court specifically declined to address the Confrontation Clause issue and stated that "the right of confrontation may be a separate matter."

At no point during the trial did Fisher attempt to offer the prior trial testimony of Lenell into evidence. Similarly, at no point did the State attempt to offer the letter purportedly written by Lenell into evidence.[3]

---

1. Mr. Myshin [Fisher's Attorney]: Yes, Judge. For the purposes of the record, in support of my motion for mistrial, I reviewed State's 7–A and 7–B. 7–A contains a letter supposedly written by Mr. Fisher to a person named Angela dated January 13th, 1989, and I don't see a copy of that in my files.

   More disturbingly, there is a letter dated December 21st, 1988 from Olivia West to Esther Hoffman on Idaho State Board of Corrections stationary; a letter from George Neumayer to Esther Hoffman dated February 6th, 1989, again on ISCI stationery; a letter from Lisa Cates to Lenell Fisher in care of Esther Hoffman dated January 23rd, 1989, again on ISCI stationery; a letter from Ms. Cates to Esther Hoffman dated January 7, 1989, again on ISCI stationery; and a letter that I think I have received, it's addressed "Hi Angel" dated 11–15–88.

   And then other letters that I have not received: a letter from Lenell Fisher addressed to the director, Commission for Pardons and Paroles dated January 12th, 1989; and then finally a copy of an article entitled Cartomancy....

2. At no point did the trial court identify which documents it would admit under I.R.E. 806 but instead repeatedly referred to evidence which the State could use as "it." We are asked by appellate counsel to assume that the judge was referring to "the letter from, that's alleged from Lenell Fisher to the prosecutor."

3. We note that the "letter" purportedly written by Lenell, which is the subject of this appeal, is before this Court as a result of Fisher's unopposed motion to augment the record. It contains no introduction or salutation, is dated February 16, 1990, and does not appear to be the

A jury again convicted Fisher of both counts of lewd conduct with a minor. On appeal, Fisher argues that the trial court's ruling would have allowed into evidence impermissible hearsay thereby violating his right to confront witnesses called against him as guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution. He further argues that this ruling denied him the opportunity to fully present his case.

## II.

### FISHER'S RIGHT OF CONFRONTATION WAS NEVER IMPLICATED

#### A. RULING UNDER I.R.E. 806

The record reflects that neither Exhibits 7A and 7B nor a letter from Lenell to the prosecutor were ever offered or admitted. The prosecutor acknowledged in his arguments to the trial court that he expected to present additional foundation before moving to admit the letter, if he decided to offer it. Thus we are being asked to resolve the issue of the admissibility of a letter, for impeachment purposes, which was never offered. Furthermore, the testimony for which it would have been offered as impeachment was not presented. Without knowing whether the judge was actually considering the letter purportedly written by Lenell, whether he would have admitted all or a part of this letter when it was actually offered, or what testimony this letter might have impeached, we have no basis on which to determine the correctness of this decision. It is equally conceivable that the trial court was interpreting I.R.E. 806 in a hypothetical sense or referring to the marked packet of materials rather than the letter in question. Making a determination at this point would be mere speculation.

#### B. RULING ON THE CONFRONTATION CLAUSE

Even if we assume the trial court's ruling admitted the letter in question, the record does not support Fisher's contention that this ruling violated Fisher's Sixth Amendment right to confront Lenell, the purported author of the letter.

■ The Sixth Amendment assures the defendant of the right to confront any witnesses who are called to testify against him and it is a fundamental right made obligatory on the states by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). If applied strictly this right of confrontation would abrogate virtually every hearsay exception, but the courts have held that other competing interests justify exceptions to the right in certain circumstances. *See Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In determining whether hearsay will be permitted in spite of an alleged violation of the defendant's Confrontation Clause rights, this Court noted that "the Supreme Court mandates an analysis on two fronts: whether the declarant is unavailable and whether the statement bears adequate guarantees of reliability and trustworthiness to allow it placed before the trier of fact." *State v. Mee*, 102 Idaho 474, 479, 632 P.2d 663, 668 (1981), *overruled on other grounds by State v. Elisondo*, 114 Idaho 412, 757 P.2d 675 (1988). There is no indication in the record before this Court that the trial court made any findings about the reliability of the letter from Lenell, or indeed that the letter was even examined by the judge.

■ Moreover, it would appear that the trial court did not even rule on the Confron-

"letter from Lenell Fisher addressed to the director, Commission for Pardons and Paroles dated January 12th, 1989" identified by Fisher's attorney as part of 7-A. We further note that this letter was never offered or admitted into evidence and typically would not be a part of the record on appeal. *See Thomas v. Goff*, 100 Idaho 282, 284, 596 P.2d 794, 796 (1979) (appellant's motion to augment the record is denied on the ground that the record does not disclose that the requested instrument was ever brought before or considered by the trial court.); *Jensen v. United States Fidelity & Guar. Co.*, 76 Idaho 351, 354–55, 283 P.2d 185, 186 (1955) (respondent's motion to augment the record to include exhibits not in evidence when the matter was determined below was denied since such exhibits are not a part of the record).

tation Clause issue. The trial judge indicated only that he felt the right of confrontation "may be a separate matter." He did not then give any definite ruling as to whether the letter from Lenell would or would not be a violation of the defendant's rights under the Confrontation Clause. We will not review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error. *Dunclick, Inc. v. Utah–Idaho Concrete Pipe Co.*, 77 Idaho 499, 502, 295 P.2d 700, 702 (1956).

### III.

### FISHER WAS NOT DENIED HIS RIGHT TO PRESENT EVIDENCE

 Fisher also contends that the trial court's ruling, which he believes would have allowed into evidence the letter from Lenell, caused him to decide not to present her transcribed testimony from the first trial. It would be mere speculation and conjecture on the part of this Court to determine what the trial court might have done if properly presented with the letter purportedly written by Lenell and what Fisher might then have done based upon that ruling. We decline Fisher's invitation to rule on what might have happened without the evidence or an offer of proof to clarify the record.

### IV.

### CONCLUSION

The judgment of conviction for two counts of lewd conduct with a minor under the age of sixteen is affirmed.

McDEVITT, C.J., JOHNSON, J., and REINHARDT, District Judge, Pro Tem., concur.

BISTLINE, Justice, concurring in part and dissenting in small part.

There are two main issues which need be decided, the first of which is stated in Fisher's appeal brief to have a subissue:

1. Did the trial court err in holding that Lenell's testimony from the previous trial could be impeached with the letter presented by the prosecutor?

*Subissue*

Was the letter inadmissible pursuant to the confrontation clause of the United States Constitution? (U.S. Constitution Amendments 6 and 14.)

2. Did the trial court's erroneous ruling allowing admission of the letter deny the defense the right to present its case?

My response to each is: YES. My main problem with the *Fisher* majority opinion is with Section IIB (ruling on the confrontation clause). It is unfair to hold against the *defendant* the fact that the *trial court* was lax in ruling on Fisher's motion to exclude the letter. The appropriate remedy would seem to be a remand to the trial court to rule on the issue, not an affirmance of the conviction.

Other than that, I fully concur in the Court's opinion.