146 P.3d 681

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stacey L. LENON, Defendant–Appellant.**

No. 31112.

Court of Appeals of Idaho.

Dec. 14, 2005.

Review Granted Feb. 16, 2006.

Roark Law Firm, LLP, Hailey, for appellant. Kevin P. Cassidy argued.[1]

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

## AMENDED OPINION

### THE COURT'S PRIOR OPINION DATED NOVEMBER 1, 2005 IS HEREBY WITHDRAWN

LANSING, Judge.

Stacey L. Lenon appeals from his judgment of conviction and the sentence imposed by the district court upon Lenon's guilty plea to aggravated battery. He asserts that the prosecutor breached the plea agreement during the sentencing hearing.

During an argument, Lenon battered a twenty-five-year-old woman with whom he was having an affair. At one point, Lenon cracked the windshield of the victim's car by pounding her head into it. The pair later went to a hotel room where they had sexual intercourse. Based on these acts, Lenon was initially charged with aggravated battery, Idaho Code §§ 18–903; 18–907(1)(a), and rape, I.C. §§ 18–6101(3) and/or (4). He ultimately pleaded guilty to aggravated battery in exchange for dismissal of the rape charge. As part of the plea agreement, the prosecutor agreed not to discuss the rape charge at

the sentencing hearing and to recommend a sentence of either retained jurisdiction or the sentence recommended by the presentence investigator, whichever would be the lesser.

At the sentencing hearing the prosecutor offered photographs of the victim's injuries, photographs of the broken windshield, and recordings of voice mail messages that Lenon left for the victim after the battery. The prosecutor also vigorously cross-examined several witnesses who testified for the defense. Finally, during argument, the prosecutor endorsed statements made to the court by the victim's parents (who mentioned the alleged rape), quoted the presentence investigation report's statement that Lenon was not a viable candidate for probation, and recommended retained jurisdiction with a ten-year underlying sentence. At the sentencing hearing Lenon did not object to the prosecutor's actions.

Rather than retaining jurisdiction, the district court sentenced Lenon to a fixed term of four years and a subsequent indeterminate term of eleven years. After sentencing, Lenon made a motion to vacate the sentence and either compel the State to comply with the plea agreement or allow Lenon to withdraw his guilty plea. Lenon based his motion on the ground that the prosecutor violated the plea agreement through his aggravation arguments and by discussing the rape charge during sentencing. Lenon thereafter withdrew this motion, however, and instead pursued an Idaho Criminal Rule 35 motion to reduce his sentence on the basis of leniency. The district court granted the Rule 35 motion and reduced the sentence to a determinate term of two years and an indeterminate term of thirteen years.[2]

Lenon now appeals, contending the prosecutor breached the agreement to recommend retained jurisdiction at the sentencing hearing by evincing a position that Lenon was beyond rehabilitation and should be incarcerated for a long term. The State asserts that

1. The defendant-appellant was represented by different counsel during the proceedings in the district court.

2. The district court based its decision to reduce Lenon's sentence on new evidence that tended to show that the victim's injuries may not have been as serious as previously indicated by the State.

Lenon waived this claim because he not only failed to object at sentencing but also abandoned his motion in the district court to enforce the plea agreement. Lenon responds that because this Court held in *State v. Rutherford,* 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985), that a prosecutor's breach of a plea agreement may be fundamental error, we should consider this issue on appeal even though he did not preserve it by obtaining a ruling from the trial court.

■ In general, the failure to raise an issue before the trial court waives that issue for purposes of appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, in the case of fundamental error in a criminal case, we may consider the issue even though no objection was made at time of trial. *State v. Haggard,* 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *Rutherford,* we allowed a claim of breach of a plea agreement to be raised for the first time on appeal because "a breach of a plea bargain agreement by the state affects the voluntariness of the guilty plea and is fundamental error." *Id.* at 915, 693 P.2d at 1117.[3] Based on the ruling in *Rutherford,* Lenon argues that appellate review of his claim should not be barred merely because he failed to pursue it in the district court.

■ We disagree, for fundamental error review is not necessarily appropriate where the record shows more than a mere failure to object. The prevailing definition of fundamental error in Idaho is expressed in *State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994) (quoting *State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993)):

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

The fundamental error doctrine is premised on the obligation to see that a defendant receives a fair trial, *State v. Lewis,* 126 Idaho 77, 80–81, 878 P.2d 776, 779–80 (1994); *State v. Haggard,* 94 Idaho 249, 251, 486 P.2d 260, 262 (1971), and is intended to remedy situations where an alleged error may have deprived the defendant of his or her constitutional right to a fair proceeding. *State v. Kuhn,* 139 Idaho 710, 715, 85 P.3d 1109, 1114 (Ct.App.2003); *State v. Reynolds,* 120 Idaho 445, 448, 816 P.2d 1002, 1005 (Ct.App.1991). The fundamental error embodied in a breach of a plea agreement may be raised on appeal in the absence of an objection at trial because, as this Court stated in *Rutherford,* "[m]ere silence or the failure to object" is insufficient to waive the fundamental rights implicated in a guilty plea. *Id.* at 915, 693 P.2d at 1117.

■ In this case, however, the record demonstrates that Lenon did not overlook or merely fail to object to the alleged violation of the plea agreement. Following his sentencing, Lenon moved to withdraw his guilty plea or obtain specific performance of the agreement because of the prosecutor's alleged breach. This motion establishes that Lenon was fully aware of his rights relative to the alleged breach. He subsequently withdrew this motion, however, presumably for strategic reasons, and thereby prevented the district court from addressing it. Any error remains only because Lenon elected not to pursue his challenge in the trial court—not because he or the trial court failed to recognize it prior to appeal.

■ If Lenon had pursued the motion to withdraw his guilty plea, the district court could have developed a record on this issue and, if the district court's ruling had then been appealed, this Court would have had the benefit of that record. Although *Rutherford* holds that claims of breach of a plea agreement may be heard for the first time on appeal, our case law also dictates that such a claim should be considered for the first time on appeal only if the record provided is sufficient for that purpose. *State v. Wills,* 140

---

3. The Idaho Supreme Court recently adopted *Rutherford's* reasoning in *State v. Jafek,* 141 Ida-

ho 71, 74, 106 P.3d 397, 400 (2005).

418

Idaho 773, 775, 102 P.3d 380, 382 (Ct.App. 2004); *State v. Jones,* 139 Idaho 299, 301, 77 P.3d 988, 990 (Ct.App.2003); *State v. Kellis,* 129 Idaho 730, 733–34, 932 P.2d 358, 361–62 (Ct.App.1997). Thus, although claims of breach of a plea agreement may be heard initially on appeal with a less-than-fully-developed record, there is a preference for a complete record developed in the trial court. Here, by raising and then abandoning the motion for a remedy for the alleged breach, Lenon purposefully limited the thoroughness of the record on appeal. We will not reward this tactic, referred to by the State as "forum shopping," by hearing the appeal on the intentionally limited record. Because Lenon consciously chose to prevent the trial court from addressing the alleged error, we will not consider the issue on appeal as a claim of fundamental error. It is appropriate here to apply the general rule that an appellate court "will not 'review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error.' " *State v. Barnes,* 133 Idaho 378, 384, 987 P.2d 290, 296 (1999) (quoting *State v. Fisher,* 123 Idaho 481, 485, 849 P.2d 942, 946 (1993)).

Because we find the fundamental error doctrine inapplicable to this case, we decline to consider Lenon's only claim of error. The judgment of conviction is therefore affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.